[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11258

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PHILLIP MARTIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:23-cr-00005-TKW-2

_____

Before BRANCH, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Phillip Martin appeals his convictions for conspiracy to distribute and possess with intent to distribute methamphetamine and distribution of 50 grams or more of methamphetamine, challenging the district court's denial of his motion to suppress evidence seized during a traffic stop.

On appeal, Martin argues that the district court erred in denying his motion to suppress because the traffic stop was unlawfully prolonged. He contends that the stop was unlawfully prolonged because, although the purpose of the stop was to investigate drug trafficking activity, the officer first conducted a phony traffic investigation, and waited nearly six minutes before inquiring into what was inside the car.

## I.

This case involves an extensive law enforcement investigation of drug activities involving the delivery of drugs from sources in California to, *inter alia*, the Northern District of Florida. The investigation identified Martin as a supplier. Through actual surveillance and intercepted calls, "law enforcement knew or had information that led them to believe that Mr. Martin was going to be traveling [on August 17, 2022, the day of the traffic stop] from his location in Riverside, or wherever up north, down to San Diego to pick up a large load of drugs from a Hispanic individual." Dist. Ct. Doc. 135 at 61. Law enforcement actually surveilled Martin:

leaving his residence; driving down to San Diego to the apartment complex of his source; leaving the bag they believed contained money Martin was carrying to pay for the drugs with the Hispanic source; and receiving boxes that law enforcement believed contained the drugs. The investigating officers continued their surveillance of Martin's car until it was stopped for a traffic violation pursuant to their arrangement with a local officer with a drug sniffing dog (K-9). The local officer stopped Martin's car for the traffic violation of unlawfully tinted windows. The local officer asked questions routine for a traffic stop—e.g. license and registration, ownership of the car, origin and destination of the travel, and who were the car's passengers. Upon learning that Martin's driver's license was suspended, the officer placed Martin in the back of the patrol car. About 5 minutes and 50 seconds had passed by then, and the officer started asking questions related to the officer's suspicions about Martin's drug activity and no longer related to the window tinting purpose of the traffic stop. After Martin and his girlfriend passenger denied having anything illegal in the car and declined to consent to a search, the officer used his K-9 to conduct a free air sniff of the car. The dog alerted, and the ensuing search of the car uncovered methamphetamine in the trunk and passenger compartments. Approximately 8 minutes had passed when the dog alerted.

## II.

When reviewing the denial of a motion to suppress, we review the district court's factual determinations for clear error and

the application of the law to those facts *de novo*. *United States v. Ransfer*, 749 F.3d 914, 921 (11th Cir. 2014). We will construe the facts in the light most favorable to the prevailing party below. *Id.* "Credibility determinations are typically the province of the fact finder," and we will defer to a district court's credibility determination "unless it is contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it." *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (quotation marks omitted).

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause." U.S. CONST. amend. IV. A police officer may lawfully detain someone without a warrant if he has reasonable suspicion to believe that the person has participated in or is about to participate in criminal activity, which includes minor traffic violations. *United States v. Campbell*, 26 F.4th 860, 880 (11th Cir. 2022) (*en banc*). Reasonable suspicion is satisfied if the officer can "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." *United States v. Pruitt*, 174 F.3d 1215, 1219 (11th Cir. 1999) (quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968)). "Reasonable suspicion is determined from the totality of the circumstances and from the collective knowledge of the officers involved in the stop." *Id.* (citation and quotation marks omitted).

Once an officer makes a traffic stop, he does not have unfettered authority to detain a person indefinitely, and instead, the detention is "limited in scope and duration." *Florida v. Royer*, 460 U.S. 491, 500 (1983). "The scope of the detention must be carefully tailored to its underlying justification." *Id.* Officers must conduct their investigation diligently and cannot prolong a stop absent reasonable suspicion. *Rodriguez v. United States*, 575 U.S. 348, 354-55 (2015). In the context of a traffic stop, "the tolerable duration of police inquiries . . . is determined by the seizure's mission," and the mission of a traffic stop is "to address the traffic violation that warranted the stop, and to attend to related safety concerns." *Id.* at 354 (citation and quotation marks omitted). Ordinary inquiries that do not impermissibly prolong a traffic stop and that are related to the stop's purpose include "checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance." *Id.* at 355. Questions about travel plans are also ordinary inquiries incident to a traffic stop. *Campbell*, 26 F.4th at 885. However, a dog sniff is not a "part of the officer's traffic mission." *Rodriguez*, 575 U.S. at 356. An "officer may detain the driver for questioning unrelated to the initial stop if he has an objectively reasonable and articulable suspicion illegal activity has occurred or is occurring." *Pruitt*, 174 F.3d at 1220.

A law enforcement officer "making a traffic stop may order passengers to get out of the car pending completion of the stop." *Maryland v. Wilson*, 519 U.S. 408, 415 (1997). During a traffic stop,

officers are allowed to take reasonable steps needed to protect their safety. *United States v. Purcell*, 236 F.3d 1274, 1277 (11th Cir. 2001).

A law enforcement officer unlawfully prolongs a traffic stop when he, "without reasonable suspicion, diverts from the stop's purpose and adds time to the stop in order to investigate other crimes." *Campbell*, 26 F.4th at 884. "In other words, to unlawfully prolong, the officer must (1) conduct an unrelated inquiry aimed at investigating other crimes (2) that adds time to the stop (3) without reasonable suspicion." *Id.* Although we review the reasonableness of a stop's duration under the totality of the circumstances, we have approved traffic stops lasting from 14 minutes to 50 minutes. *United States v. Holt*, 777 F.3d 1234, 1256 (11th Cir. 2015).

A warrantless search of an automobile is constitutional if (1) the automobile is readily mobile and (2) there is probable cause to believe that it contains contraband or evidence of a crime. *United States v. Lanzon*, 639 F.3d 1293, 1299-1300 (11th Cir. 2011). "Probable cause exists when there is a fair probability that contraband or evidence of a crime will be found in the vehicle under the totality of the circumstances." *Id.* at 1300. A drug dog's alert can provide probable cause to conduct a search of a vehicle. *Florida v. Harris*, 568 U.S. 237, 246-48 (2013).

Issues not raised in an appellant's initial brief are deemed forfeited and will only be addressed under extraordinary circumstances. *Campbell*, 26 F.4th at 873.

24-11258                Opinion of the Court                7

### III.

Martin argues on appeal that the only purpose of the stop was pursuant to the law enforcement's drug investigation of Martin. He argues that the only questions relating to the drug investigation that the officer who stopped him asked began almost 6 minutes after the stop was initiated. He argues that those almost 6 minutes unlawfully prolonged the length of the stop. He argues that none of the questions the officer asked him in those first 6 minutes—when the officer was ostensibly concerned about the tinted windows and asking the routine questions about license, registration etc.—were at all related to a stop based only on a drug investigation.

Although we have some doubts about the accuracy of Martin's assertion that those routine questions are not related at all to a stop based on reasonable suspicion of illegal drug activity,[1] we need not—and expressly do not—decide that issue. It is clear in this case that the officer's purpose in conducting the stop was two-fold: first, to investigate the officer's reasonable suspicion of a window tint violation,[2] and second, to investigate the officer's reasonable suspicion that Martin was transporting illegal drugs.

---

[1] For example, it may well be permissible—and wise—for such an officer to conceal his interest in illegal drug activity until the suspect is out of his vehicle, away from hidden weapons and otherwise in a location posing less danger to the safety of the officer.

[2] Our case law is well-established that a traffic stop made on the basis of the officer's observation of a traffic violation is permissible even when the officer's

8                    Opinion of the Court                    24-11258

In his brief on appeal, Martin does not challenge the fact that the officer had reasonable suspicion to believe there was a window tint violation, and also had at least reasonable suspicion to believe that Martin was transporting illegal drugs. Nor could he mount a viable challenge in either regard on the basis of the evidence in this case.

We hold that the officer permissibly stopped Martin's car on the basis of his reasonable suspicion of a window tint violation, and permissibly asked routine questions related thereto for more than 5 minutes during which time he had relocated Martin out of the car and into a location less risky to the safety of the officer. Thereafter—after the expiration of 5 minutes and 50 seconds—the officer permissibly extended the duration of the stop to investigate his reasonable suspicion that Martin was transporting illegal drugs. And of course, when the K-9 alerted, there obviously was probable cause to arrest Martin and search his vehicle. *See Rodriguez*, 575 U.S. at 358 (suggesting that reasonable suspicion of criminal activity can in some circumstances justify continuing the detention of a

---

ulterior motivation is the investigation of suspected illegal drug activities. *See, e.g., United States v. Holloman*, 113 F.3d 192 (11th Cir. 1997) (noting that in *Whren v. United States*, 517 U.S. 806 (1996), the Supreme Court "squarely rejected the pretextual stop analysis that had prevailed previously in the Eleventh Circuit. Instead, the Court held that the constitutional 'reasonableness' of a traffic stop must be determined irrespective of 'intent,' whether of the particular officers involved or of the theoretical "reasonable officer." *Id*. at [811-818], 116 S. Ct. at 1773–76. The decision conclusively refutes the notion that ulterior motives may invalidate police conduct that is justified on the basis of probable cause to believe that a violation of law has occurred.").

24-11258                 Opinion of the Court                 9

driver who has been stopped for a traffic violation beyond completion of the traffic infraction investigation); *see also Campbell*, 26 F.4th at 884 (a traffic "stop is unlawfully prolonged when an officer, without reasonable suspicion, diverts from the stop's purpose and adds time to the stop in order to investigate other crimes"); *United States v. Whitley*, 34 F.4th 522 (6th Cir. 2022).

For the foregoing reasons, the decision of the district court is

AFFIRMED.